HERMON D. ROGERS & another *vs.* WILLIAM CURRIER & others.

No lien can be claimed under *St.* 1855, *c.* 231, for materials used in the construction of a ship, unless specifically furnished to be used in that ship.

PETITION under *St.* 1855, *c.* 231, to enforce a lien " for labor and materials furnished in the construction of three ships " described in the petition. The respondents were Currier & Townsend, and their assignees in insolvency.

The parties referred the case to arbitrators, who made a report to the court of common pleas, so much of which as is material to the understanding of the point decided was as follows :

Currier & ,Townsend, from 1840 till the 9th of April 1856, when they failed, were largely engaged in shipbuilding at Newburyport, and built in all twenty one ships. The dealings

between the petitioners, as copartners, and Currier & Townsend, embraced in the bill of particulars in this case, commenced on the 1st of April 1852, and continued to the time of the failure; and were carried on according to an arrangement made by Rogers with Currier & Townsend in December 1850, which was, in substance, that Rogers should go into the country and purchase lots of standing timber suitable for shipbuilding, and sell the same standing to Currier & Townsend for such price as should be agreed upon for each lot, and cause it to be cut and transported to Newburyport, and should be paid, in addition to the price of the standing timber, the expense of such cutting and transportation. Two of the ships mentioned in the petition were being built by Currier & Townsend at the time of their failure, and were finished by their assignees in insolvency. The petitioners generally knew what ships Currier & Townsend were building, and were often urged by them to hasten the delivery of timber at the yard, because it was immediately wanted for ships then in progress. This was the case in reference to both of these ships. But there was never any agreement that any of the timber should be appropriated in any particular manner. Currier & Townsend sold two hundred and sixty six tons of the timber furnished by the petitioners, and used the rest in shipbuilding, except one hundred and seventy five tons left at their failure, which was afterwards sold by the assignees to Townsend, and by him used in building the third ship under a contract made by him after the failure. No account was kept of the timber which went into any particular ship, and the arbitrators have been obliged to rely upon general estimates in determining what amount of the timber furnished by the petitioners went into each of the two first ships.

The arbitrators reported the amount due to the petitioners for timber used in the construction of each of the three ships, and submitted to the court the question whether the petitioners were entitled to a lien upon either or all of the ships. The court of common pleas entered a decree for the petitioners, and the respondents alleged exceptions, and also appealed.

This case was argued at Boston in January 1859.

*O. P. Lord & W. C. Endicott,* for the petitioners. By the *St.* of 1855, *c.* 231, § 1, "whenever, by virtue of any contract, expressed or implied, with the owners of any ship, money shall be due to any person for labor performed, materials used, or labor and materials furnished, in the construction of any ship in this commonwealth, such person shall have a lien upon such ship, to secure the payment of such debt." Under this statute, a petitioner, on proving a contract by which money is due to him, for materials and labor used in a ship, has a lien on the ship. It is not necessary, to carry a lien under this statute, that the contract should be specific in its application to a particular ship.

This is not like the case of liens of material men in admiralty, which are based upon and shaped by maritime usage; whereas this is a lien given in the clearest terms by statute. *The Calisto,* Daveis, 31. *Purinton* v. *Hull of a New Ship,* 2 Curt. C. C. 419–421. The words of the statute are to be strictly followed in this court, although not always followed in the admiralty; as in the case of the question whether a petition can be filed before sixty days, which was decided in the negative by this court, and in the affirmative by the district court of the United States. *Tyler* v. *Currier,* 10 Gray, . *The Richard Busteed,* 21 Law Reporter, 609. If the admiralty rule were to be followed, a lien could only spring from an express contract; but the statute says that it may from an implied contract.

Under a contract, express or implied, to furnish materials to be used in the construction of several ships, the party furnishing them has a lien on each ship for the amount used on each. *The Kiersage,* 2 Curt. C. C. 425. *Wilson* v. *Forder,* 30 Penn. State R. 129. *Butler* v. *Rivers,* 4 R. I. 38. *People's Ferry* v. *Beers,* 20 How. 394.

*B. R. Curtis & C. T. Russell,* for the respondents, cited *Read* v. *Hull of a New Brig,* 1 Story R. 244, 249, 250; *Sewall* v. *Hull of a New Ship,* Ware, (2d ed.) 565–568; *The Kiersage,* 2 Curt. C. C. 421, 424; *The Young Mechanic,* 2 Curt. C. C. 404, 410, 413; *The Young Sam,* 20 Law Reporter, 608; *People's Ferry* v. *Beers,* 20 How. 401; *Thomas* v. *Osborn,* 19 How. 22; *Pratt* v. *Reed,* 19 How. 359; *Vanderwater* v. *Mills,* 19 How. 82, 89;

*Greene* v. *Ely*, 2 Greene, (Iowa,) 508 ; *Howard* v. *Veazie*, 3 Gray,
235 ; *Parker* v. *Anthony*, 4 Gray, 290 ; *Metcalf* v. *Hunnewell*,
1 Gray, 297 ; *Simpson* v. *Dalrymple*, 11 Cush. 308 ; *Ayres* v.
*Revere*, 1 Dutcher, 474, 481 ; *Choteau* v. *Thompson*, 2 Ohio
State R. 114 ; *Harlan* v. *Rand*, 27 Penn. State R. 511 ; *Bot-
tomly* v. *Grace Church*, 2 Cal. 90.

METCALF, J.   The petitioners' lien, if they have one, is given
by *St.* 1855, *c.* 231.   They have none under any other law.
The first section of that statute is thus : " Whenever, by virtue
of any contract, expressed or implied, with the owners of any ship
or vessel, or with the agents, contractors or subcontractors of
such owners, or any of them, or with any person having been
employed to construct, repair or launch such ship or vessel, or to
assist them, money shall be due to any person for labor per-
formed, materials used, or labor and materials furnished in the
construction, launching or repairs of, or for constructing the
launching ways for, or for provisions, stores or other articles fur-
nished for or on account of any ship or vessel in this common-
wealth, such person shall have a lien upon such ship or vessel,
her tackle, apparel and furniture, to secure the payment of such
debt."   The petitioners claim a lien on the three ships named
in their petition, " for labor and materials furnished in the con-
struction " of them.   And their interpretation of the statute pro-
vision is, that it gives to every person, whom the owner of any
ship owes for labor and materials furnished in its construction,
a lien on such ship.   The respondents' interpretation of it is,
that it gives a lien only on the particular ship or ships for which
the labor and materials were specifically furnished.   And the
court are of opinion that the respondents' interpretation of it is
right.   A " lien upon such ship" seems to us to mean a lien
upon the specific ship or ships, in the construction of which
labor and materials are furnished, or for or on account of which
supplies are furnished, by virtue of an express or implied con-
tract.   The petitioners therefore fail to establish a lien upon
either of the aforesaid ships, for the reason that they did not,
by virtue of any contract with Currier & Townsend, furnish
labor and materials in the construction of any particular ship or

ships. There is no allegation or proof that the petitioners made any contract with any other person or persons than Currier & Townsend.

We give to the statute in question the same construction which the circuit court of the United States gave to a statute of Maine, which was in these words : " All ship carpenters, caulkers, blacksmiths, joiners and other persons, who shall perform labor or furnish materials for or on account of any vessel building or standing on the stocks, by virtue of a written or parol agreement, shall have a lien on such vessel for his or their wages." On a libel *in rem* for labor upon a brig, under a contract for labor generally, it was held that this statute was applicable only to cases of an agreement for labor to be performed upon a particular vessel, as a distinct and independent service. " It is not," said Mr. Justice Story, " the mere naked fact, that labor and services have been performed, or materials used, upon a vessel, which entitles the party to a lien therefor. They must be done under a previous agreement. What agreement ? Certainly an agreement, express or implied, relating to the particular vessel on which the labor and services are to be performed, or for which the materials are to be furnished. The contract, then, must be, not a general contract or retainer for labor and services, but a specific contract or retainer for the particular vessel embraced and referred to in the contract." *Read* v. *Hull of a New Brig*, 1 Story R. 250. So, under the same statute provision, it was decided by the district court of the United States, that to entitle a person to a lien on a vessel for materials furnished for and used in its construction, there must be an appropriation, express or implied, of the materials, to the particular vessel upon which the lien is claimed ; and that such appropriation must be made at the time of the contract, or, at the latest, at the time of the execution of the contract by the delivery of the materials. Judge Ware said : " The words ' for or on account of ' naturally and necessarily imply that they are furnished for the use of a particular and known vessel, and that this is one of the express or understood terms of the contract. For it cannot be pretended, when a person has sold mate-

rials, in the ordinary course of trade, to a merchant or ship-builder, without reference to any particular vessel that is being built or under repair, that he has a lien, under this law, against any vessel to which the materials may happen to be appropriated." *Sewall* v. *Hull of a New Ship*, Ware, (2d ed.) 565.

Statute liens, which give a priority of payment to one class of creditors over another, are *stricti juris*, and are not to be extended beyond the clearly expressed intent of the legislature. *The Robert Fulton*, 1 Paine, 626. *The Kiersage*, 2 Curt. C. C. 421. *The Alida*, Abbott R. 169.

If the petitioners had, by contract, furnished materials for the construction of the same three ships which are named in their petition, without appropriation of any specific materials to either of those ships, we do not decide that they might not have had a lien on each ship, to secure payment for such portion of the materials as was used in the construction of it.

The court, being of opinion that the petitioners have no lien on either of the ships named in their petition, have not found it necessary to consider the other questions which were raised and argued.